NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KIMBERLY DOTSON, JENNIFER CONNOR, AND AMANDA MCCONNELL, individually, and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TZ INSURANCE SOLUTIONS LLC d/b/a TRANZACT, <br><br> Defendant. | Case No. 2: 25-cv-13323 (BRM) (MAH) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant TZ Insurance Solutions LLC, d/b/a Tranzact's ("Tranzact")

Partial Motion to Dismiss ("Motion") (ECF No. 34) the First Amended Complaint ("FAC") (ECF

No. 26), filed by Plaintiffs Kimberly Dotson ("Dotson"), Jennifer Connor ("Connor"), and

Amanda McConnell ("McConnell") (collectively, "Plaintiffs"), individually and on behalf of all

others similarly situated pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure

to state a claim upon which relief can be granted.[1] Plaintiffs filed an Opposition on December 1,

2025 (ECF No. 40), and Tranzact filed a Reply on December 23, 2025 (ECF No. 41).

Having reviewed and considered the submissions filed in connection with the Motion and

---

[1] "Plaintiff[s] bring[] this action pursuant to 29 U.S.C. § 216(b) of the [Fair Labor Standards Act] on their own behalf and on behalf of[] [a]ll current and former remote hourly-paid Technical Support Specialists – Sales Agents . . . who worked for [Tranzact] at any time during the three years preceding the filing of the complaint through judgment." (ECF No. 26 ¶ 140.) Plaintiffs' motion for conditional certification remains pending before the Hon. Michael A. Hammer, U.S.M.J., and will be decided in due course. (ECF No. 46.)

1

having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, Tranzact's Motion (ECF No. 34) is **DENIED**.

## I.    BACKGROUND

For purposes of this Motion, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to the Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### A.  Factual Background

Tranzact is an insurance marketing and sales organization. (ECF No. 26 ¶¶ 2–3.) To provide its services, it "employs remote, hourly Technical Support Specialists – Sales Agents ("Sales Agents")" who "provide over-the-phone support to" Tranzact's customers. (*Id.* ¶¶ 4, 7.) Sales Agents assist Tranzact's customers in "finding and obtaining Medicare health plan policies through the various insurance carriers" that contract with Tranzact "like United Healthcare, Kaiser Permanente, Blue Cross Blue Shield, and Humana." (*Id.* ¶¶ 4, 50.) Sales Agents are provided not only with hourly pay but also non-discretionary bonuses and incentive payments. (*Id.* ¶ 5.) "Within the past two years, [Tranzact] employed Plaintiffs as Sales Agents." (*Id.* ¶ 7.)

Sales Agents use various computer networks, software programs, applications, and phone systems while performing their job responsibilities. (*Id.* ¶ 17.) They are responsible for, among other things:

> (a) booting up their computers and logging into several essential computer software programs and applications, as well as [Tranzact]'s phone system, before fielding phone calls; (b) remote computer based work including, but not limited to, taking in-bound calls from and making out-bound calls to individuals who need assistance related to technical issues with their computers, or with

> customer service related to the products and services offered by [Tranzact]'s corporate customers; (c) ensuring that calls and work are documented and accounted for in [Tranzact]'s systems; and (d) logging out of the computer software programs and applications.

(*Id.* ¶ 49.)

Sales Agents "are all hourly, non-exempt positions with . . . full-time schedules that require them to work at least eight (8) hours per day, on average five (5) days each week, and up to forty . . . or more hours in a workweek." (*Id.* ¶ 53.) Tranzact "scheduled its Sales Agents to work forty . . . hours per week and required them to be called [*sic*] ready or in a meeting status the moment they clocked-in for their shifts." (*Id.* ¶ 56.) "Consequently, before each shift the . . . computer bootup process occurred off-the-clock . . . ." (*Id.* ¶ 57.) The "pre-shift startup and login process [would] take[] on average ten . . . to fifteen . . . minutes per day, and the tasks c[ould] take longer if Sales Agents experience[d] technical problems with the computer, software, and/or applications." (*Id.* ¶ 77.)

Tranzact "enforce[d] its policy of requiring all computer networks, programs[,] and applications to be open and ready at the commencement of a Sales Agents' shift[] and . . . before the Sales Agents record[ed] [their] clock-in time[] through their performance metrics and adherence policies."(*Id.* ¶ 64.) For instance, Tranzact "evaluated Sales Agents (in part) based on how closely their dialer time matched their time in the timekeeping system." (*Id.* ¶ 65.)

While Tranzact provided their "Sales Agents with a . . . [thirty] minute[] unpaid lunch break per shift[,] Tranzact "routinely require[d] Sales Agents to perform work during their unpaid lunch breaks" because Tranzact's "policies and procedures require[d] Sales Agents to return from their lunch early to perform at least part of the boot up process." (*Id.* ¶¶ 83, 85.) Many of the programs used by "Sales Agents . . . would automatically log [them] out of their computer systems if they remained idle for too long. This required Sales Agents to return from their lunches early to log

3

back into programs that they were automatically logged out of during their lunch breaks." (*Id.* ¶ 86.) Tranzact also "required Sales Agents to review emails with work instructions and special promotions before clocking back in and resuming calls." (*Id.* ¶ 87.) Performing this meal-period work on most days took Sales Agents "approximately four . . . to five . . . minutes . . . during their unpaid meal breaks." (*Id.* ¶ 88.)

Additionally, at the end of each shift, Tranzact required Sales Agents "to securely log out of the essential computer software programs and applications utilized during their shifts." (*Id.* ¶ 90.) Tranzact also required Sales Agents "to complete call notes after clocking out at the end of their shifts." (*Id.* ¶ 91.) Tranzact's policies, training, and direction required Sales Agents to refrain from "begin[ning] the shutdown and logout process until their scheduled shift end[ed] and they complete[d] their last call." (*Id.* ¶ 93.) "The shutdown and logout process (including the completion of call notes), requires another three . . . to five . . . minutes" of off-the-clock work per shift. (*Id.* ¶ 92.) Tranzact also required "Sales Agents to complete [uncompensated] training off-the-clock in order to maintain their employment with [Tranzact] but did not compensate Sales Agents for the training time." (*Id.* ¶¶ 72, 99.) McConnell "specifically objected to performing off-the-clock training without receiving payment of regular and overtime pay[] and was told that she would be terminated if she did not complete the training, and that it would not be compensated." (*Id.* ¶ 101.)

According to Plaintiffs, not only did Tranzact fail to compensate them for the aforementioned "off-the-clock" work,[2] Tranzact also "excluded non-discretionary bonuses and commission payments from Sales Agents' regular rate of pay," which ultimately depressed their

---

[2] Plaintiffs also allege that Tranzact "retroactively changed the commission rates," *i.e.*, Tranzact failed to pay Plaintiffs "all the commissions owed to them." (ECF No. 26 ¶ 118.)

4

"overtime rates of pay . . . ." (*Id.* ¶ 125.) Moreover, Plaintiffs allege that Tranzact "fail[ed] to record all of the time . . . their employees . . . worked for the benefit of" Tranzact.[3] (*Id.* ¶ 144.)

### B.  Procedural History

Plaintiffs filed their initial Complaint on July 15, 2025. (ECF No. 1.) Tranzact filed an Answer on September 29, 2025 (ECF No. 13), and its first partial motion to dismiss on November 17, 2025 (ECF No. 20). Plaintiffs filed their FAC on October 20, 2025. (ECF No. 26.) Tranzact filed this  second partial motion to dismiss on November 17, 2025. (ECF Nos. 34, 36.) Plaintiffs filed an Opposition on December 1, 2025. (ECF No. 37.) Tranzact filed a Reply on December 23, 2025. (ECF No. 41.)

### II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . ." *Id.* at 231 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a

---

[3] "Because Sales Agents are prohibited or otherwise pressured from including all hours worked on their timecards, [Tranzact's] compensation policy and system fails to properly account and compensate them for all time worked, including their overtime hours, each day and each workweek." (ECF No. 26 ¶ 67.)

right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Iqbal*, 556 U.S. at 677. This

6

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Supreme Court's ruling in *Iqbal* emphasizes a plaintiff must show the allegations of his or her complaints are plausible. *See id.* at 670.

While the Court generally may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III.    DECISION

Plaintiffs' FAC puts forth the following violations of the FLSA: Tranzact failed to account for and pay for all of the time actually worked by employees,[4] and it failed to include non-discretionary bonuses and commissions in the calculation of the Sales Agents' overtime rate, which led to underpayment.[5]

---

[4] Though not spelled out in their complaint, Plaintiffs' allegations that Tranzact failed to pay Sales Agents for time spent on job training presumably falls within this violation.

[5] Plaintiffs appear to include a FLSA recordkeeping violation claim but there is no private right of action for FLSA record keeping violations. *See Adami v. Cardo Windows, Inc.*, Civ. A. No. 12-2804, 2013 WL 3821466 (D.N.J. July 23, 2013) (noting that the statutory language of the FLSA does not establish a private right of action solely to address the failure to maintain records); *Lopez v. Tri–State Drywall, Inc.*, 861 F. Supp. 2d 533, 537 (E.D. Pa. 2012).

In the Motion now before the Court, Tranzact maintains that Plaintiffs fail to set forth facts to establish a willful violation of the FLSA and therefore their FLSA claims are subject to a two-year statute of limitations. (ECF No. 36 at 7–8.) Plaintiffs disagree and argue that they are subject to a three-year statute of limitations, citing various allegations omitted from Tranzact's Motion and arguing that these allegations satisfy Rule 12(b)(6). (ECF No. 37 at 2–4 (quoting ECF No. 26 ¶¶ 11–12, 56, 63, 65, 71–74, 76, 85, 87, 89, 91, 100–101, 107–108, 118, 135, 134, 136).) Plaintiffs also point to Rule 9 as the applicable pleading standard for Tranzact's "knowledge of the off-the-clock work" and contend they have sufficiently pled such facts to show Tranzact willfully violated the act. (*Id.* at 7–8.) Additionally, Plaintiffs argue Tranzact's previous litigation history"— including an earlier "[c]ollective and [c]lass action for a failure to include non-discretionary incentive payments in its employees' overtime rates" and an earlier suit "for failing to pay its 'sales specialists' for the time spent loading and logging into their essential computer programs"—are probative of Tranzact's willfulness.[6] (*Id.* at 8–9 (citing Complaint at ¶ 32, *Core v. Trubridge, Inc.,* No. 17-02551(N.D. Ohio Dec. 07, 2017) and Complaint at ¶ 32, *Gonzalez v. TZ Ins. Solutions LLC*, No. 13-02098 (M.D. Fla. August 14, 2013).)

In reply, Tranzact contends that, with respect to Plaintiffs' Rule 9 argument, Plaintiffs are still required to reach the threshold of plausibility when alleging willfulness, even if intent may be alleged generally under Rule 9. (*Id.* at 13 (citing *Whiteside v. Hover Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021).) Additionally, Tranzact responds to Plaintiff's litigation history argument in two parts. (*Id.* at 13–15.) First, Tranzact argues the Court may not consider Tranzact's litigation history to support Plaintiffs' claims when the operative complaint does not address this prior litigation.

---

[6] The parties in *Core v. Trubridge, Inc.* and *Gonzalez v. TZ ins. Solutions LLC* reached settlement agreements.

(*Id.* at 13–14.) Second, Tranzact maintains that without a determination on the merits, mere allegations in prior suits are not sufficient to evince a willful violation of the FLSA. (*Id.* at 14–15 (citing *Freeman v. Sam's E. Inc.*, Civ. A. No. 17-1786, 2021 WL 3362611, at *3 (D.N.J. Aug. 3, 2021)).)

Courts in the Third Circuit often assess whether willfulness under the FLSA was sufficiently plead on a motion to dismiss. *See, e.g.*, *Buchspies v. Pfizer, Inc.*, Civ. A. No. 18-16083, 2019 WL 5078853, at *4 (D.N.J. Oct. 10, 2019) (considering allegations of willfulness on motion to dismiss); *Smeltzer v. Eaton Corp.*, Civ. A. No. 17-843, 2018 WL 3496948 at *2–3 (W.D. Pa. July 20, 2018) (same); *Everett v. Maternal Child Consortium, LLC*, Civ. A. No. 18-746, 2018 WL 3374763, at *4 (E.D. Pa. July 10, 2018) (same); *Ochoa v. Pearson Educ., Inc.*, Civ. A. No. 11-1382, 2012 WL 95340, at *3 (D.N.J. Jan. 12, 2012) (finding same and laying out required allegations of willfulness "[t]o satisfy the *Iqbal* pleading requirements"). However, like with all allegations related to a statute of limitations defense, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 136 (3d Cir. 2002) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

Under the FLSA, a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "Acting only 'unreasonably' is insufficient [to demonstrate a willful violation] – some degree of actual awareness is necessary." *Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 126 (3d Cir. 2017) (quoting *McLaughlin*, 486 U.S. at 135 n.13). A finding of willfulness may be shown by "a degree of egregiousness." *Souryavong*, 872 F.3d at 127. However, the Third Circuit has also held that "evident indifference toward the requirements

9

imposed by the FLSA" is satisfactory to constitute a willful violation. *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991); *see also Stone v. Troy Constr., LLC*, 935 F.3d 141, 149 n.10, 150 (3d Cir. 2019) (affirming "evident indifference" holding of *Selker Bros.* and stating "[e]gregiousness is . . . a high-water mark, representing behavior that clearly establishes willfulness, as opposed to a baseline requirement for such a finding"); *Antoine v. KPMG Corp.*, Civ. A. No. 08-6415, 2010 WL 147928, at *8 (D.N.J. Jan. 6, 2010) (finding willfulness sufficiently pled in proposed amended complaint where plaintiffs alleged "similar job duties," "uniform employment practices and policies" (including hourly compensation and no overtime pay), defendants knew "[p]laintiffs routinely worked over forty hours without compensation" for non-exempt tasks, defendants classified plaintiffs as non-exempt, and defendants "failed to maintain accurate records" for plaintiffs' overtime hours). At the pleading stage, an FLSA plaintiff must do more than "merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation[.]" *Ochoa*, 2012 WL 95340 at *3.

Upon review of the FAC and in light of the Third Circuit's mandate that a statute of limitations bar "must be apparent on the face of the complaint" to grant dismissal on the pleadings, *Robinson*, 313 F.3d at 136, Plaintiffs have adequately alleged that Tranzact willfully violated the FLSA by failing to compensate Plaintiffs for all of the time actually worked and underpaying them. 29 U.S.C. §§ 201–19.

Tranzact is correct that while Rule 9 permits "knowledge[] and other conditions of a person's mind [to be] alleged generally," but Rule 9 "does not give [a party] license to evade the . . . still operative[] strictures of Rule 8." (ECF No. 41 at 13 (quoting *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021).) Simply put, "Rule 8's plausibility standard applies to

pleading intent." *Whiteside*, 995 F.3d at 323 (quoting *Biro v. Conde Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015)); *see also Acosta v. Holland Acquisitions, Inc.*, Civ. A. No. 15-1094, 2018 WL 6242231, at *5 (W.D. Pa. Nov. 29, 2018) ("In [the Third] Circuit, the failure to allege any facts from which the court could plausibly infer willfulness will result in dismissal of FLSA claims beyond the two-year statute of limitations.") (internal quotations omitted).

While some of Plaintiffs' allegations generally sound in negligence, others are more egregious and support a plausible inference of willfulness. *Souryavong*, 872 F.3d at 126 ("Acting only 'unreasonably' is insufficient [to demonstrate a willful violation] – some degree of actual awareness is necessary." (quoting *McLaughlin*, 486 U.S. at 135 n.13)). For instance, the following allegations—alone—would be insufficient to support Plaintiffs' claim of willfulness:

> In this case, after hiring the Sales Agents, [Tranzact] incorrectly and unlawfully trained and instructed them that computer bootup and shutdown activities were not compensable and akin to "drive time" or "commute time" to and from work . . . [Tranzact] scheduled its Sales Agents to work forty (40) hours per week and required them to be called ready or in a meeting status the moment they clocked-in for their shifts . . . Consequently, before each shift the cumbersome computer bootup process occurred off-the-clock and [Tranzact] knew or should have known that the off-the-clock work was regularly occurring because it established the policies and practices at issue . . . Moreover, to the extent that [Tranzact] did provide some additional compensation for the off-the-clock computer bootup and shutdown time, [Tranzact] knew or should have known that the additional compensation was inadequate . . . [Tranzact] further failed to include non-discretionary bonus and incentive pay in its calculation of the regular rate for purposes of calculating overtime premiums due to Sales Agents, resulting in unpaid overtime premiums.

(ECF No. 26 ¶¶ 11, 56, 71, 74.) As Tranzact notes, "knew or should have known" language is an articulation of the negligence standard. (ECF No. 41 at 7; *see also Horizon Healthcare Servs., Inc. v. Allied Nat., Inc.*, Civ. A. No. 03-4098, 2006 WL 344277, at *8 (D.N.J. Feb. 14, 2006)

(Greenaway, Jr., J.) (describing a "negligence standard for scienter" as "knew or should have known").

However, Plaintiffs also allege the following:

> [Tranzact's] management is aware that Plaintiffs and other Sales Agents perform these tasks off the clock, and could have paid Sales Agents for this time, but did not . . . At all relevant times, [Tranzact] used [its] attendance, adherence and timekeeping policies against the Sales Agents in order to pressure them into performing the pre-shift and meal-period off-the-clock work . . . In addition to the above-stated off-the-clock work suffered/permitted by Defendant, as well as the commission payments unlawfully withheld, Defendant illegally excluded non-discretionary bonuses and commission payments from Sales Agents' regular rate of pay and resulting overtime rates of pay, and thus, underpaid Plaintiffs and all other Sales Agents that worked overtime even for overtime hours it properly credited them as having worked.

(ECF No. 26 ¶¶ 89, 107, 125.) Mindful that "knowledge[] and other conditions of a person's mind may be alleged generally" under Rule 9, the Plaintiffs have set forth sufficient allegations of willfulness for purposes of alleging a violation of the FLSA. These allegations, taken together, allow the Court to infer that Tranzact knew, recklessly disregarded, or—at least—were evidently indifferent toward the requirements imposed by the FLSA. *See McLaughlin*, 486 U.S. at 133 (holding that under the FLSA, a willful violation is one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute"); *Martin*, 949 F.2d at 1296 (holding that "evident indifference toward the requirements imposed by the FLSA" is satisfactory to constitute a willful violation); *see also Stone*, 935 F.3d at 149 n.10, 150 (affirming "evident indifference" holding of *Selker Bros.* and stating "[e]gregiousness is . . . a high-water mark, representing behavior that clearly establishes willfulness, as opposed to a baseline requirement for such a finding").

*Antoine v. KPMG Corp.* is illustrative. Civ. A. No. 08-6415, 2010 WL 147928, at *8 (D.N.J. Jan. 6, 2010). There, the court found "willfulness" was sufficiently pled in a proposed amended complaint where plaintiffs alleged "similar job duties," "uniform employment practices and policies" (including hourly compensation and no overtime pay), defendants knew "[p]laintiffs routinely worked over forty hours without compensation" for non-exempt tasks, defendants classified plaintiffs as non-exempt, and defendants "failed to maintain accurate records" for plaintiffs' overtime hours. *Id.* These allegations are as detailed as the allegations Plaintiffs have proffered in their FAC.

Accordingly, the allegations that Tranzact failed to account for and pay for all of the time actually worked by employees, and that it failed to include non-discretionary bonuses and commissions in the calculation of the Sales Agents' overtime rate, which led to underpayment, are subject to the statute of limitations of three years and were timely filed.[7]

## IV.    CONCLUSION

For the reasons set forth above, and for good cause having been shown, Defendant Tranzact's Motion (ECF No. 36) is **DENIED**.[8] An appropriate order follows.

Date: March 10, 2026

/s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[7] Because the Court denies Defendant's Motion, the Court need not address Plaintiffs' alternative argument that the prior litigation is evidence of willfulness.

[8] Docket Number 34 is Tranzact's Notice of Motion, while Docket Number 36 is its brief in support of the Motion. (ECF Nos. 34, 36.)