**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIMBERLY DOTSON, JENNIFER CONNOR, and AMENDA MCCONNELL, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TZ INSURANCE SOLUTIONS LLC d.b.a. TRANZACT, a New Jersey Company,<br><br>Defendant. | Case No. 2:25-cv-13323 (BRM) (MAH)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendant TZ Insurance Solutions LLC's ("Defendant") appeal of Magistrate Judge Hammer's July 29, 2026 Order (the "Order") (ECF No. 73) granting conditional certification, or, in the alternative, request to certify an interlocutory appeal. (ECF No. 75.) Plaintiffs Kimberly Dotson ("Dotson"), Jennifer Connor ("Connor"), and Amenda McConnell ("McConnell") (collectively, "Plaintiffs") filed an opposition (ECF No. 84) and Defendant filed a reply (ECF No. 85). Having reviewed the parties' submissions filed in connection with this appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant's appeal (ECF No. 75) is **DENIED**.

## I. BACKGROUND

The Court incorporates by reference the underlying facts as accurately set forth in the Judge Hammer's March 10, 2026 Opinion. (ECF No. 52.)

On July 15, 2025, Dotson and Connor filed a complaint on behalf of themselves and all others similarly situated against Defendant alleging violations of 29 U.S.C. § 201, the Fair Labor Standards Act ("FLSA"), and common law. (ECF No. 1.) Defendant filed an answer to the complaint (ECF No. 13) and, later, a partial motion to dismiss (ECF No. 20-1).

On October 10, 2026, Plaintiffs filed an amended complaint (the "FAC") (ECF No. 26), which Defendant answered (ECF No. 35). On November 17, 2025, Defendant filed another partial motion to dismiss, requesting this Court dismiss Plaintiffs' allegations that Defendant willfully violated the FLSA. (ECF No. 36.) The Court denied Defendant's partial motion to dismiss. (ECF Nos. 52, 53.)

Plaintiffs are current and former employees of Defendant. (ECF No. 26 ¶¶ 38, 41, 44.) They were or are employed as hourly insurance sales agents ("Sales Agents") and all worked remotely for Defendant. (*Id.*) Plaintiffs allege, as relevant to this appeal, Defendant violated the FLSA by not compensating Sales Agents for all time worked. (*Id.* ¶¶ 14–16.) Specifically, Plaintiffs allege two violations of the FLSA. First, they allege Defendant failed to compensate Sales Agents for pre-shift, meal-period, and post-shift bootup and boot down work Defendant required them to complete. (*Id.* ¶¶ 75–95.) Second, Defendant underpaid Sales Agents for overtime because it excluded non-discretionary bonus and commission payments from the Sales Agents' regular rate of pay. (*Id.* ¶ 125.)

On February 11, 2026, Plaintiffs filed a motion for conditional certification of a collective of similarly situated Sales Agents. (ECF No. 46.) Defendant opposed the motion (ECF No. 63), Plaintiffs responded (ECF No. 67) and Defendant filed a sur-reply (ECF No. 71).

On July 29, 2026, Judge Hammer granted Plaintiffs' motion for conditional certification. (ECF Nos. 72, 73.) On August 12, 2026, Defendant brought this appeal of Judge Hammer's Opinion and Order. (ECF No. 75.)

## II. Legal Standard

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, this Court's Local Rules provide "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days" and the district court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the District Court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is clearly erroneous or contrary to law rests with the party filing the appeal. *See Marks v. Struble*, Civ. A. No. 03-6225, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petrol. Ltd. v. Empers. Mut. Liab. Ins. Co.*, Civ. A. No. 84–97, 131 F.R.D. 63, 65 (D.N.J. 1990) (citing *United*

*States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, Civ. A. No. 04-4714, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, Civ. A. No. 95-438, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

## III. DECISION

Defendant argues the Order is clearly erroneous and contrary to law for three reasons. First, Defendant contends the Order failed to conduct the necessary analysis. (ECF No. 75-1 at 6.) Second, Defendant contends the Order improperly expanded the definition of the collective beyond the FAC because there was neither analysis nor supporting evidence that the expanded collective was similarly situated to Plaintiffs. (ECF No. 85 at 12.) Third, Defendant contends the Order incorrectly conditionally certified a claim that is not cognizable under the FLSA. (ECF No. 75-1 at 6–7.) Defendant alternatively argues the Court should certify "the question whether the traditional two-step [FLSA collective certification] framework, including the concept of 'conditional certification,' remains a proper standard for facilitating notice under 29 U.S.C. § 216(b)" for interlocutory appeal. (*Id.* at 24.)

The Court addresses each of Defendant's arguments in turn.

### A. Sufficiency of the Order's Analysis

Defendant argues the Order failed to engage in the analysis necessary for conditionally certifying Plaintiffs' proposed collective because, in its view, Judge Hammer did not examine the affidavits and substantive evidence it submitted. (*Id.* at 5–6.)

Plaintiffs argue Judge Hammer found, and was correct in finding, that the evidence Defendant put forth went to the merits of Plaintiffs' claims which Judge Hammer could not consider on a motion for conditional certification. (ECF No. 84 at 18–21.)

The Third Circuit has outlined a two-step process for determining whether a plaintiff's FLSA suit may proceed as a collective action. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). "The first step, so-called conditional certification, requires a named plaintiff to make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (quoting *Zavala v. Wal-Mart Stores Inc.,* 691 F.3d 527, 536 n.4 (3d Cir. 2012)). At this step, the Court must "determin[e] whether 'similarly situated' plaintiffs do in fact exist" but does not yet have to determine "whether plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Zavala*, 691 F.3d at 536 n.4 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). To determine whether the similarly situated showing has been made, "a court examines 'both the pleadings and affidavits in support of or in opposition to the proposed collective action.'" *Kaynaroglu v. Avis Budget Grp., Inc.*, 773 F. Supp. 3d 169, 185 (D.N.J. 2025). Similarly situated means "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538.

Accordingly, Judge Hammer was correct in defining the inquiry here as "merely whether Plaintiffs have shown there are other Sales Agents who have been denied compensation for work done off-the-clock, including overtime hours, and denied bonuses for reaching specified enrollment levels." (ECF No. 72 at 6.) Judge Hammer also conducted the required analysis,

determining Plaintiffs "sufficiently demonstrate[d], via allegations and evidence, the requisite 'modest factual showing' of a nexus between the impact of Defendant's policy on Plaintiffs and on the proposed collective class members." (*Id.*) He further concluded "evidence beyond pure speculation exists to support Plaintiffs' and the other Sales Agents' claims that they performed similar work for the same employer, were subject to the same policies and procedures, and suffered the same type of harm arising from the same alleged violation of the FLSA." (*id.* at 8.) While Judge Hammer's conclusion was based on Plaintiffs' declarations (*id.* at 6–8), courts in this circuit have consistently found declarations sufficient to satisfy Plaintiff's burden of demonstrating similarly situated plaintiffs exist. *See Schelhas v. Hackensack Meridian Health, Inc.*, No. 23-CV-2466, 2026 WL 881581 at *6 (D.N.J. Mar. 31, 2026) (collecting cases).

Judge Hammer did not fail to examine Defendant's evidence in making this decision, rather he determined Defendant's evidence did not go to the issue before him. Judge Hammer held that Defendant's arguments that Plaintiffs claims were individualized "[a]re not relevant at this stage" and its arguments that Plaintiffs had not demonstrated an unlawful practice or policy were merits disputes. (ECF No. 72 at 9.) This finding was neither clearly erroneous nor contrary to law. The merits of a plaintiff's underlying FLSA claim are not assessed at the conditional certification stage. *Goodman v. Burlington Coat Factory*, Civ. A. No. 11-4395, 2012 WL 5944000, at *6 (D.N.J. Nov. 20, 2012). The evidence Defendant alleges Judge Hammer ignored went to the merits of Plaintiffs' claims. Defendant submitted declarations explaining the timekeeping process on which it trains its Sales Agents (*see* ECF No. 63–1) and detailing two studies it previously commissioned to estimate the time it takes its Sales Agents to bootup and login or shut down and log out (*see* ECF No. 63–2). This evidence seeks to disprove Plaintiffs' allegations of the timekeeping processes Defendant

required them to perform and the amount of time the processes took Plaintiffs: the merits of Plaintiffs' claims. It was proper for Judge Hammer not to make those determinations at this stage.

**B. Propriety of the Collective's Definition**

Defendant argues Judge Hammer failed to conduct the analysis required to conditionally certify a collective and he accordingly certified an overbroad collective. (ECF No. 85 at 10–13.) Specifically, Defendant contends non-remote and remote Sales Agents are not similarly situated and Judge Hammer failed to find that they are. (ECF No. 75-1 at 19–21.)

Plaintiffs argue Judge Hammer was not bound by the collective definition alleged in the FAC and the Order could properly find all Sales Agents were similarly situated based on the evidence put forth. (ECF No. 84 at 16.)

Judge Hammer held Plaintiffs made the requisite showing that they were similarly situated to all Sales Agents, relying on Plaintiffs' declarations alleging Sales Agents were subject to the same company-wide policies. (ECF No. 72 at 7–8.) Defendant's allegation that "no facts exist in the record to support such a finding" is incorrect. Rather, the Plaintiffs' declarations alleged the same policies applied to all Sales Agents (*see generally* ECF Nos. 46-2, 46-3, 46-4, 46-5) and Defendant's declarations described both timekeeping training and timekeeping policies applicable to all Sales Agents (*see* ECF No. 63-1) and its bootup and login compensation policy for all Sales Agents (ECF Nos. 63-1, 63-2). Plaintiffs also submitted Defendant's job postings for the Sales Agent position, both remote and location-specific, which listed uniform responsibilities for all Sales Agents. (ECF No. 46-6.) This evidence can support a finding that all Sales Agents are subject to the same treatment by Defendant, amounting to the required modest factual showing that all Sales Agents would also be subject to the practices Plaintiffs allege. Judge Hammer was not yet required to determine the members of the collective were in fact similarly situated to the named

plaintiffs. *See Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 596 U.S. 66 (2013) (explaining it is not until the final certification step that the court makes a "conclusive determination as to whether each [opt-in plaintiff to the collective] is in fact similarly situated to the named plaintiff[s]"). Afterall, "some courts have required nothing more than 'substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Moeck v. Gray Supply Corp.*, Civ. A. No. 03-1950, 2006 WL 42368, at *4 (D.N.J. Jan. 5, 2006) (citing *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).

**C. Cognizability of Claim Conditionally Certified**

Defendant argues the Judge Hammer improperly conditionally certified a breach of contract claim as an FLSA claim and the Order could not have certified that claim because Plaintiffs did not plead it in the FAC. (ECF No. 75-1 at 21–24; ECF No. 85 at 13–16.)

Plaintiffs argue their claim is cognizable under the FLSA and Defendants arguments are merits disputes improper for the conditional certification stage. (ECF No. 84 at 23–25.)

First, Defendant's allegation that Judge Hammer certified a collective for a claim not alleged in the FAC is unfounded. Plaintiffs' FAC alleged Defendant's "fail[ure] to include all commissions and non-discretionary bonus payments in the calculation of the Sales Agents' overtime rates" was a violation of the FLSA for Plaintiffs and members of the collective. (ECF No. 26 ¶ 144; *see also id.* ¶¶ 125, 141).[1]

---

[1] This Court previously noted this allegation was put forth in the FAC. (ECF No. 52 at 7.) Defendant also learned this was an FLSA allegation in the parties' briefings on Defendant's partial motion to dismiss, when Defendant argued that Plaintiffs' allegation did not support the plausible inference of willfulness required for a willful violation of the FLSA. (ECF No. 41 at 9.)

Second, Defendant's allegation that Plaintiffs' claim is not cognizable under the FLSA misconstrues the claim Judge Hammer conditionally certified. Plaintiffs sought conditional certification for their claim that Defendant "paid all Sales Agents at a deficient overtime rate because it did not incorporate bonuses earned (but not paid) into the calculation of [the Sales Agents'] overtime rate, as required by the FLSA." (ECF No. 46 at 21–22.) Defendant is correct in stating "Plaintiffs' FAC [did] not plead that the failure to pay certain bonus payments constitutes a violation of the FLSA" and "Plaintiffs expressly plead that Defendant's failure to pay commissions at an agreed rate constitutes a 'breach of contract.'" (ECF No. 75-1 at 22.) However, that claim is separate from the FLSA claim Judge Hammer conditionally certified: insufficient overtime pay as a result of Defendant's failure to pay the bonus payments.

The Third Circuit has declined to accept the view that the "regular rate of pay" under the FLSA "must always be the actual wages." *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 266 (3d Cir. 1990). In situations where a Plaintiff both disputes receiving the regular rate of pay and alleges a resulting FLSA violation, the Third Circuit envisioned the Plaintiff could concurrently bring these claims but the FLSA claim would be dependent on the resolution of the other claim. *Id*. This is precisely what Plaintiffs did here: they brought their claims concurrently. While Defendant is correct that a breach of contract action is not cognizable under the FLSA, a claim that an overtime rate was not calculated in compliance with the FLSA is. Accordingly, it was not contrary to law for Judge Hammer to conditionally certify the collective action on this claim.

**D. Interlocutory Review**

Defendant argues this Court should certify for interlocutory appeal the question of whether the two-step framework the Third Circuit employs to facilitate notice for FLSA actions remains proper. (ECF No. 75-1 at 24.)

Plaintiffs argue Defendant is seeking to relitigate Third Circuit precedent and does not meet the statutory requirements for interlocutory appeal. (ECF No. 84 at 26.)

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). A district court may certify an order for interlocutory appeal if: (1) the order involves a controlling question of law, (2) there is a "substantial ground for difference of opinion" about that question of law, and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). However, a district court should certify an interlocutory appeal "sparingly" and "only in 'exceptional circumstances' that justify a departure from the basic policy of postponing review until the entry of the final order." *Fiscus v. Combus Finance AG*, Civ. A. No. 03-1329, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006) (citing *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996)); *see also Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) ("A motion should not be granted merely because a party disagrees with the ruling of the district judge." (internal quotation marks omitted)). Even if the moving party meets all criteria under § 1292(b), the district court may still deny certification as "permission to appeal is wholly within the discretion of the courts." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *see also United States v. Riddick*, 669 F. App'x 613, 613 n.2 (3d Cir. 2016) (finding an order denying a request to certify questions for appeal was unreviewable (citing *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979))).

The Court evaluates each Section 1292(b) criteria in turn.

**1. Controlling Question of Law**

An interlocutory appeal is typically reserved for "pure" and "controlling" questions of law. *See* 28 U.S.C. § 1292(b). A "pure" question of law is one pertaining to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *ADP, LLC v. Ultimate Software*

*Grp., Inc.*, Civ. A. No. 16-8664, 2018 WL 1838003, at *4 (D.N.J. Apr. 17, 2018) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000)). "[Q]uestions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Juice Ent., LLC v. Live Nation Ent., Inc.*, 353 F. Supp. 3d 309, 312–13 (D.N.J. 2018) (quoting *Morgan v. Ford Motor Co.*, Civ. A. No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007)); *see also In re Barsan Contractors*, Civ. A. No. 04-12362, 2010 WL 3907116, at *5 (D.N.J. Sept. 30, 2010) ("Misapplication of the law to the facts is not a question of law."). In other words, interlocutory appeal is generally "not suitable for reviewing mixed questions of law and fact." *Johnson v. Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 183 (3d Cir. 2024) (Porter, J., concurring) (citing *Resol. Tr. Corp. v. Cityfed Fin. Corp.*, 57 F.3d 1231, 1236 n.6 (3d Cir. 1995)). "A question is 'controlling' if its incorrect disposition would require reversal of the final judgment." *Kapossy*, 942 F. Supp. at 1001 (internal quotation marks omitted).

Defendant argues the question of which framework the Court must apply is a controlling question of law because Judge Hammer's Order was premised on the two-step certification framework, as this Court's order will be. (ECF No. 85 at 16.)

Plaintiffs argue this is not a controlling question of law, but rather an application of facts to established legal standards. (ECF No. 84 at 28.)

The question of what framework applies for determining whether a plaintiff's FLSA suit may proceed as a collective action is a controlling question of law here. It is an interpretation of the meaning of 29 U.S.C. § 216(b) and application of the incorrect framework would require reversal.

### 2. Substantial Ground for Difference of Opinion

Substantial ground for a difference of opinion "must arise out of genuine doubt as to the correct legal standard." *Hulmes*, 936 F. Supp. at 208. "A party's disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)." *Id.* "The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'" *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (citing *Beazer E., Inc. v. The Mead Corp.*, Civ. A. No. 91-408, 2006 WL 2927627, *2 (W.D. Pa. Oct. 12, 2006)). However, a court may find a lack of substantial grounds for a difference of opinion even if district and circuit courts have arrived at contrary holdings, provided those holdings are not controlling. *See Smith v. Conseco Life Ins. Co.*, Civ. A. No. 13-5253, 2014 WL 5361746 (D.N.J. Oct. 21, 2014) (citing *Interfaith Cmty. Org., Inc. v. PPG Indus. Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. Mar. 26, 2010)).

Defendant argues there is substantial ground for difference of opinion because three federal courts of appeals have recently reexamined and rejected the two-step framework Judge Hammer used to decide Plaintiffs' motion for conditional certification. (ECF No. 75-1 at 26–28.)

Plaintiffs argue disagreement between the Third Circuit and other circuits does not create substantial ground for difference of opinion. (ECF No. 84 at 29–33.)

Here, the Third Circuit is clear on which framework applies: the two-step framework. *See Camesi*, 729 F.3d at 243 (citing *Zavala*, 691 F.3d at 535 ("Courts in our Circuit follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA.")); *see also In re Citizens Bank, N.A.*, 15 F.4th 607, 611 (3d Cir. 2021) (explaining the two-step process of conditional certification and certification). Accordingly, this Court finds lack of substantial grounds for a difference of opinion, as the decisions of the Fifth, Sixth, and Seventh Circuit Defendant cites to are not binding precedent. *See Freedom Med., Inc. v. Gillespie*, 2013

WL 3819366, at *5 (E.D. Pa. July 24, 2013) ("A circuit split between our Court of Appeals and the courts of appeals for other circuits does not make Third Circuit precedent any less binding and cannot be said to create a 'substantial ground for difference of opinion' when it comes to issues of law before this Court.").

**3. Materially Advance the Ultimate Termination of the Litigation**

An interlocutory appeal materially advances the litigation's ultimate termination if it will: (1) eliminate the need for trial; (2) eliminate complex issues from the action; or (3) eliminate issues that make discovery more difficult and more expensive. *In re Dwek*, Civ. A. No. 10-4259, 2011 WL 487582, *4 (D.N.J. Feb. 4, 2011) (citing *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d. 603, 613 (E.D. Pa. Mar. 26, 2008)). A critical factor is whether the interlocutory appeal will cause excessive delay. *See Hulmes*, 936 F. Supp. at 212 (noting "[d]elay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (quoting *Baranski v. Serhant*, 602 F. Supp. 33, 36 (N.D. Ill. 1985)).

Defendant argues an interlocutory appeal will materially advance the termination of this litigation because resolving the issue of certification "may avoid years of notice, opt-in discovery, and collective action proceedings conducted under a legal framework that may ultimately be rejected" and the issue "concerns the threshold mechanism by which additional plaintiffs [will] enter the litigation." (ECF No. 85 at 17.)

Plaintiffs argue an interlocutory appeal will delay the termination of this litigation because it will not eliminate the need for a trial, eliminate complex issues, or make discovery easier and less costly, but rather have the opposite result. (ECF No. 84 at 34.)

Here, certification would not eliminate the need for trial as it would only alter how the Court determines which Plaintiffs receive notice and an opportunity to opt-in. Plaintiffs'

substantive claims would remain regardless of certification. It does, however, have the potential to eliminate complex issues and issues that make discovery more difficult and expensive because it could reduce the potential number of opt-in plaintiffs which in turn could decrease the amount of discovery conducted in this matter as well as decrease the number of similarly situated determinations this Court must make.

Nevertheless, as explained in the foregoing, Defendant failed to carry its burden of demonstrating all three requirements for interlocutory appeal are met in its appeal of the Magistrate Judge's Order (ECF No. 75-1) or in their Reply Brief to Plaintiff's Opposition (ECF No. 85). Even if Defendant had met its burden, the Court would still retain discretion to deny the request, which it finds good cause to do. Therefore, Defendant's request to certify the issue of which framework applies for interlocutory appeal is denied.

## IV. CONCLUSION

For the reasons set forth above, Defendant's appeal and alternative request for certification of an interlocutory appeal (ECF No. 75) is **DENIED**. An appropriate order follows.

**Date: October 12, 2026**

**/s/ *Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**